IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| MICHAEL BRYANT,<br>Reg. No. 54559-004, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:19-CV-274-WHA |
| | ) | (WO) |
| WALTER WOODS, | ) | |
| | ) | |
| Respondent. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.  INTRODUCTION**

Michael Bryant, a federal inmate incarcerated in the Maxwell Federal Prison Camp
at the time he initiated this case, filed this 28 U.S.C. § 2241 petition for writ of habeas
corpus in which he challenges the denial of his request for "a 'nearer release transfer'" to
a facility in South Florida and argues he is due such a transfer in accordance with the
provisions of the First Step Act of 2018.  Doc. 1 at 3–4.  In support of his request for relief,
Bryant argues "[t]he amended language of [the First Step Act of 2018] now requires the
Bureau of Prisons to place prisoners in facilities 'as close as practical to, and within 500
driving miles of their release residence.'  The 18 months of clear conduct [used by the BOP
to deny his request for a nearer release transfer] is no longer a statutory requirement."  Doc.
2 at 4.  Bryant also argues he meets the clear conduct requirement as he has "served more
than 18 consecutive months of clear conduct in general population" and this clear conduct
does not have to occur at one prison facility.  Doc. 2 at 3.

This undersigned's recent review of the BOP's public records indicated that since filing this case correctional officials transferred Bryant to a Residential Reentry Center in Miami, Florida.  *See* https://bop.gov/inmateloc/.  Based on the foregoing, the court entered an order requiring "that on or before February 17, 2021 Petitioner . . . show  cause why the instant 28 U.S.C. § 2241 petition for writ of habeas corpus challenging the denial of his request for a nearer release transfer to a facility closer to his release destination in south Florida should not be denied as moot since it appears from prison records Petitioner has received such a transfer."  Doc. 22.  Bryant has failed to file a response within the time provided in the order.  The court therefore concludes that this case should be dismissed as moot.

## II.  DISCUSSION

Courts do not sit to render advisory opinions.  *North Carolina v. Rice*, 404 U. S. 244, 246 (1971).  An actual controversy must exist at all times during the pendency of a case.  *Steffel v. Thompson*, 415 U. S. 452, 459 n.10 (1974).  In cases where the only relief requested or permitted is injunctive in nature, events which occur subsequent to the filing of the case can render the matter moot. *National Black Police Assoc. v. District of Columbia,* 108 F.3d 346, 350 (D.C. Cir. 1997) (change in statute); *Williams v. Griffin*, 952 F.2d 820, 823 (4th Cir. 1991) (transfer of prisoner); *Tawwab v. Metz* 554 F.2d 22, 23 (2nd Cir. 1977) (change in policy).

Article III of the United States Constitution confers jurisdiction on the district courts to hear and determine "cases" or "controversies."  *Al Jajjar v. Ashcroft*, 273 F.3d 1330,

1335 (11th Cir. 2001). The mootness doctrine derives directly from the case or controversy limitation because "an action that is moot cannot be characterized as an active case or controversy." *Adler v. Duval County Sch. Bd.*, 112 F.3d 1475, 1477 (11th Cir. 1997). "This case-or-controversy requirement subsists through all stages of federal judicial proceedings. . . . [I]t is not enough that a dispute was very much alive when the suit was filed." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990).

"A case is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief." *Florida Ass'n of Rehab. Facilities, Inc. v. Florida Dep't of Health and Rehab. Servs.,* 225 F.3d 1208, 1216-17 (11th Cir. 2000) (internal quotation marks omitted) (citing *Ethredge v. Hail*, 996 F.2d 1173, 1175 (11th Cir. 1993)); *Flast v. Cohen*, 392 U.S. 83, 95 (1968) ("Where the question sought to be adjudicated has been mooted by developments subsequent to filing of the complaint, no justiciable controversy is presented."); *Saladin v. Milledgeville*, 812 F.2d 687, 693 (11th Cir. 1987) ("A case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome of the litigation, such as where . . . interim relief or events have eradicated the effects of the alleged violation."); *Powell v. McCormack*, 395 U.S. 486, 496 (1969) ("[A] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome.").

When actions occur subsequent to the filing of a lawsuit whereby a petitioner obtains the requested relief, then the case is moot and must be dismissed. *See, e.g., Hall v. Beals*, 396 U.S. 45, 48 (1969). In these instances, dismissal is required because mootness

is jurisdictional.  *See Florida Ass'n of Rehab. Facilities,* 225 F.3d at 1227 n.14 ("The question of mootness is . . . one which a federal court must resolve before it assumes jurisdiction [over the merits of a case].").  "Any decision on the merits of a moot case or issue would be an impermissible advisory opinion."  *Id*. at 1217 (citing *Hall*, 396 U.S. at 48, 90 S.Ct. at 201–02.

Bryant has received the relief requested from this court in that the BOP transferred him to a facility in Miami, Florida.  Under the undisputed circumstances of this case, the only relief sought by Bryant and proper in this habeas action is moot.  Consequently, this case is due to be dismissed as moot since "it no longer presents a live controversy with respect to which the court can give meaningful relief."  *Florida Ass'n of Rehab. Facilities,* 225 F.3d at 1217; *United States ex. rel. Graham v. United States Parole Comm'n*, 732 F.2d 849, 850 (11th Cir. 1984).

## III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the 28 U.S.C. § 2241 petition for habeas corpus relief filed by Bryant be DENIED and this case DISMISSED as moot since a more favorable decision on the merits would not entitle him to any additional habeas relief.

On or before **March 24, 2021** the parties may file objections to the Recommendation.  A party must specifically identify the factual findings and legal conclusions in the Recommendation to which the objection is made.  Frivolous, conclusive, or general objections to the Recommendation will not be considered.

Failure to file written objections to the proposed findings and legal conclusions set forth in the Recommendations of the Magistrate Judge shall bar a party from a *de novo* determination by the District Court of these factual findings and legal conclusions and shall "waive the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993) ("When the magistrate provides such notice and a party still fails to object to the findings of fact and those findings are adopted by the district court the party may not challenge them on appeal in the absence of plain error or manifest injustice."); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 10th day of March, 2021.


_____/s/ Charles S. Coody_____
UNITED STATES MAGISTRATE JUDGE